### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SCOTWOOD INDUSTRIES, INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 11-cv-2542 CM/KGG |
| ) | |
| **MICHIGAN SALT PRODUCTS, LLC;** ) | |
| **E.C.O., S.P.R.L.; GHADAN COMPANY;** ) | |
| and **AHMED LOTFY ZAKARYA COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |

### COMPLAINT IN INTERPLEADER

COMES NOW the Plaintiff, Scotwood Industries, Inc., and for its Complaint in Interpleader, pursuant to Federal Rule of Civil Procedure 22, 28 U.S.C. Section 1332, Section 1335, Section 1397, Section 2041, and Section 2361 states:

### PARTIES

1. Plaintiff, Scotwood Industries, Inc. ("Scotwood") is a Kansas corporation with its principal office in Overland Park, Kansas.

2. Defendant, Michigan Salt Products, LLC ("Michigan Salt"), is a limited liability company organized pursuant to the laws of the State of Michigan, with a principal place of business at 100 Engelwood Drive, Suite E, Orion, Michigan 48359.

3. Upon information and belief, Defendant, E.C.O., S.P.R.L. ("E.C.O.") is a corporation organized pursuant to the laws of Belgium, with a principal place of business at 31 Rue Morimont, 5330 Sart-Bernard, Belgium.

4. Upon information and belief, Defendant, Ghadan Company ("Ghadan") is a corporation organized under the laws of Egypt, with a principal place of business at 1st Alkafrawy Street, New Damietta, Damietta, Egypt.

5. Upon information and belief, Defendant, Ahmed Lotfy Zakarya Company ("Zakarya") is a corporation organized under the laws of Egypt, with a principal place of business at 1st Alkafrawy Street, New Damietta, Damietta, Egypt.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. Section 1335, because the amount in controversy exceeds $500, and there is minimal diversity among the Defendants/Claimants.

7. Venue is proper under 28 U.S.C. Section 1397, because Michigan Salt is a Claimant and has consented to venue in this Court; therefore, Michigan Salt resides in this district for interpleader venue purposes.

## FACTUAL BACKGROUND

8. On or about April 14, 2011, Scotwood entered into a contract with Michigan Salt for the purchase and sale of 32,000 metric tons (plus or minus 10%) of salt in bulk, to be delivered by May 30, 2011, by ocean-going vessel arranged by Michigan Salt from Damietta, Egypt to the Port of Coeymans, Coeymans, New York, at a price of $67.75 per metric ton. A true and correct copy of the Purchase Contract is attached hereto as Exhibit A.

9. Upon information and belief, Michigan Salt acquired 29,350 metric tons of salt from E.C.O. for the purpose of fulfilling its contract with Scotwood.

10. Upon information and belief, E.C.O. acquired the salt from Ghadan and/or Zakarya.

11. Under Section 7 of the Purchase Contract, Michigan Salt warranted that it conveyed the salt to Scotwood in good title, free of any liens or other encumbrances, or claims by any third party of infringement or violation of proprietary or other rights.

12. Under Section 8 of the Purchase Contract, Scotwood and Michigan Salt agreed to the application of the laws of the State of Kansas including, without limitation, the Uniform Commercial Code as adopted by the State of Kansas, without giving effect to the principles of conflict of laws thereof.

13. Under Section 11 of the Purchase Contract, Michigan Salt agreed to indemnify, defend, and hold harmless Scotwood as more particularly described in that section.

14. When the salt was delivered at the Port of Coeymans, New York, Michigan Salt failed to submit to Scotwood all of the original bills of lading and other documents required under Section 5 of the Purchase Contract.

15. Under the Purchase Contract, the price to be paid by Scotwood for 29,350 metric tons of salt, at $67.75 per metric ton, was $1,988,462.50.

16. Following certain agreed-upon adjustments to the price, Scotwood has paid Michigan Salt all but $400,000 of the contract price.

17. Upon information and belief, a dispute has arisen between and among the various Defendants regarding payment for the salt.

18. Upon information and belief, one or more of the Defendants are in possession or control of the bills of lading covering all or part of the shipment of salt.

19. Defendants Ghadan and Zakarya have asserted that they are owed $314,400, and they have asserted a lien on all or part of the cargo of salt. See Exhibit B attached hereto.

20. Despite the express jurisdictional and venue provisions of the Purchase Contract, Michigan Salt has filed suit in the United States District Court for the Northern District of New York against Scotwood, E.C.O., and BNP PARIBAS FORTIS a/k/a FORTIS BANK S.A./N.V.

3

in Civil Action No. 1:11-cv-1023 (the "New York Action"); however, Scotwood has not been served with process in that proceeding.

21. Neither Ghadan nor Zakarya have been named as parties in the New York Action.

22. Upon information and belief, the dispute among Michigan Salt, E.C.O., Ghadan, and Zakarya has yet to be resolved.

23. Scotwood cannot determine to whom payment of the $400,000.00 should be made, because all of the Defendants have or may have claims against such funds. As a result, Scotwood is subject to a substantial risk of incurring double, multiple, or other inconsistent obligations.

24. Scotwood disclaims any interest in the $400,000.00 except for an allowance of reasonable attorneys' fees, costs, and expenses, and is ready, willing, and able to deliver the full amount of these funds to the appropriate person(s).

25. Scotwood, as disinterested stakeholder, files this Complaint in Interpleader in good faith, without collusion of any of the parties named herein, and for the sole purpose of determining the conflicting claims of all Defendants and of Scotwood's rights and obligations.

26. Unless the Defendants are restrained or enjoined from prosecuting suits against Scotwood, either directly or indirectly, and from any effort to collect from Scotwood any judgments rendered in any such suits, Scotwood will be subjected to multiple or vexatious claims, inconsistent judgments, and will be prejudiced since the outcome of the numerous suits will not properly determine how the limited funds should be apportioned among the Defendants.

27. Scotwood should be awarded its reasonable attorneys' fees, costs, and expenses for the institution of this action.

**WHEREFORE**, for the reasons set forth above, Scotwood Industries, Inc. prays:

A.      That the parties be required and ordered to interplead with each other in this case and to settle herein their respective rights to the subject $400,000.00;

B.      That this Court adjudicate and determine the respective rights of Defendants in and to such disputed funds;

C.      That Scotwood Industries, Inc. be allowed to bring such funds into Court, which Scotwood Industries, Inc. hereby offers to do, and that upon payment of such funds into the registry of this Court, Scotwood Industries, Inc. be dismissed with prejudice and hereby forever released and discharged of liability with respect to any and all matters alleged in this Complaint in Interpleader;

D.      That on hearing, each of the Defendants and their agents, attorneys, representatives, assigns, and all other persons claiming by or through them be perpetually enjoined and restrained from instituting or prosecuting further proceedings in this or any other court of law or in equity against Scotwood on account of the Purchase Contract or the shipment of salt;

E.      That Scotwood Industries, Inc. be awarded its reasonable attorneys' fees and other costs and/or expenses related to this Complaint, with such sums to be paid from the funds deposited with the Court; and

F.      For such other and further relief as the Court deems just and proper, under 28 U.S.C. Section 2361, or otherwise.

Respectfully submitted,

DYSART TAYLOR COTTER
McMONIGLE & MONTEMORE, P.C.


/s/ Kenneth R. Hoffman
Kenneth R. Hoffman, Esquire
District of Kansas Bar No. 78205
4420 Madison Avenue, Suite 200
Kansas City, MO  64111
Tel.:    (816) 931-2700
Fax:    (816) 931-7377
E-mail:   KHoffman@DysartTaylor.com
ATTORNEYS FOR SCOTWOOD INDUSTRIES, INC.


## DESIGNATION OF PLACE OF TRIAL

Plaintiff, Scotwood Industries, Inc., hereby designates Kansas City, Kansas, as the place of trial in this matter.

/s/ Kenneth R. Hoffman
Kenneth R. Hoffman, Esquire
ATTORNEYS FOR SCOTWOOD INDUSTRIES, INC.